IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02271-MSK-MEH

UNITED STATES OF AMERICA,

  Plaintiff,
v.

1957 CHEVROLET, VIN VC57S116597,

  Defendant.

---

**RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND FINAL ORDER OF FORFEITURE**

---

  Before the Court is Plaintiff's Motion for Default and Final Order of Forfeiture [Docket #33]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Plaintiff's Motion.

**I. Facts**

  The following facts are taken from Plaintiff's Verified Complaint. Plaintiff, the United States of America, instituted this action for forfeiture *in rem* alleging that the vehicle at issue in this case was fraudulently withheld from the bankruptcy estate of George and Carol Berkstresser. Plaintiff alleges that, one day prior to the filing of their Chapter 7 bankruptcy petition, George Berkstresser transferred ownership and control of Defendant 1957 Chevrolet ('57 Chevy) to Zacharia Honzell, his grandson. The vehicle is currently titled in the name of Zacharia D. Honzell, but is in the possession of the United States Postal Inspection Service as the result of an investigation into the Berkstresser's Bankruptcy petition.

  The Complaint further alleges that the Berkstressers failed to disclose their ownership of a

group of apartments on East St. Vrain Street in Colorado Springs, as well as properties located on Falcon Highway in Peyton, Colorado. Plaintiff alleges that George Berkstresser provided false testimony at the 341 Meeting of Creditors to hide these assets as well as two trailers of valuable personal belongings. After the United States Trustee discovered evidence of these concealed assets, George Berkstresser was charged with bankruptcy fraud, mail fraud, and fraudulently transferring and concealing ownership of Defendant '57 Chevy by transferring title to his grandson. On June 23, 2006, George Berkstresser entered into a Plea Agreement, in which he pleaded guilty to bankruptcy fraud and agreed not to contest the forfeiture of Defendant '57 Chevy. George Berkstresser was sentenced to 30 months incarceration. Carol Berkstresser pleaded guilty to making a false oath in a bankruptcy case and was sentenced to two years probation.

Zacharia Honzell has not asserted an interest in the '57 Chevy in this case. Indeed, no Verified Statements of Interest/Claims and Answers have been filed with the Court, and the Clerk's Entry of Default was entered on May 30, 2008. George Berkstresser has filed numerous pleadings in this case contesting the Government's forfeiture of the '57 Chevy. Dock. ##13, 19, 22, 25. These filings have been either denied without prejudice for failure to comply with the Local Rules or stricken for the same reason. Notably, the Court directed Mr. Berkstresser to the statutes requiring any person seeking to contest the forfeiture to file a Claim and an Answer under 18 U.S.C. § 983, and he has failed to do so. Plaintiff now seeks default judgment and a final order of forfeiture.

## II. Discussion

Plaintiff commenced this action *in rem* pursuant to 18 U.S.C. § 981 and seized the property based on the Order for Warrant issued by this Court on November 6, 2007. Plaintiff also provided all known interested parties, including Mr. Honzell and Mr. Berkstresser, with the opportunity to

respond to the forfeiture. Dock. #7,8. Plaintiff also completed the required publication for anyone wishing to contest the forfeiture, as required by 18 U.S.C. § 983(a)(4) and supplement C(6). Dock. #17. Yet, no Verified Statements of Interest/Claims and Answers have been filed with the Court.

Although George Berkstresser has filed numerous *pro se* pleadings contesting forfeiture, he has not complied with Supplemental Rule 6(C) to establish standing. Strict compliance is required in the absence of special circumstances, which are not present here. *United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597 (7th Cir. 2000). Because Mr. Berkstesser's filings have been stricken, there are no claimaints to the property at issue, and default is appropriate. *See United States v. Real Property*, No. 06-15770, 2008 U.S. Dist. LEXIS 16287 (E.D. Mich. Mar. 4, 2008).

The Clerk of the Court entered default on May 30, 2008. For the Court to now enter default judgment, the Court must conclude, based on a preponderance of the evidence, that reasonable cause existed for the seizure. *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two Dollars and 43/100 Dollars ($149,442.43) in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (holding that absent a defense, "a showing of probable cause alone will support a judgment of forfeiture").

In this case, Mr. Berkstresser transferred title to the '57 Chevy one day prior to filing his Chapter 7 Bankruptcy petition. According to the Complaint, Mrs. Berkstresser stated that they filed bankruptcy to avoid a judgment they owed to Tom Stockman. She further stated that they discussed transferring the '57 Chevy to someone else through a gift, which they did by transferring title to Zacharia Honzell. Although title was transferred to Mr. Honzell, the '57 Chevy was seized from the residence of Mr. Berkstresser, after the bankruptcy case was originally discharged, and Mr. Honzell has not asserted an interest in the '57 Chevy in this case. Under these facts, the Court

concludes that a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 is appropriate.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment and Final Order of Forfeiture [Filed June 4, 2008; Docket #33] be **granted** as follows:

> that default judgment and forfeiture of defendant property 1957 CHEVROLET, VIN VC57S116597, including all right, title, and interest, shall enter in favor of the United States;
>
> that the United States shall have full and legal title to the defendant property and may dispose of said property in accordance with the law; and
>
> that Default Judgment and a Final Order of Forfeiture be entered, which shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 9th day of June, 2008.

BY THE COURT:

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge